# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1191-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

R.L.F.,[1]

    Defendant-Appellant.

_____

> Submitted August 11, 2026 – Decided August 14, 2026
>
> Before Judges Firko and Jablonski.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 11-02-0203.
>
> R.L.F., self-represented appellant.
>
> Mark Musella, Bergen County Prosecutor, attorney for respondent (Michael R. Philips, Assistant Prosecutor, of counsel and on the brief).

---

[1] Pursuant to <u>Rules</u> 1:38-3(f)(4) and 1:38-11, we refer to defendant by his initials. We also similarly refer to the victim to protect their privacy under <u>Rule</u> 1:38-3(c)(12).

PER CURIAM

Defendant R.L.F. appeals from an October 28, 2024 order, which denied his motion to correct an illegal sentence. He argues State v. Torres, 246 N.J. 246, 251-52 (2021), applies and the motion judge failed to correct the sentencing court's decision to make an explicit statement considering the overall fairness of the consecutive sentence imposed under State v. Yarbough, 100 N.J. 627 (1985). Because we have previously held defendant's sentence is valid and the absence of a Torres statement does not render defendant's sentence illegal, we affirm.

I.

A.G. is the biological daughter of the defendant. After the end of the defendant's relationship with A.G.'s mother, A.G. continued to have contact with defendant, including visits and family events. According to A.G.'s trial testimony, defendant began sexually abusing her when she was approximately six or seven years old, during times when he was babysitting her at her mother's apartment. Over the years, the abuse escalated to include acts of sexual contact and sexual penetration when A.G. was about twelve or thirteen. The incidents occurred at various locations, including A.G.'s residences and defendant's workplace, and continued until A.G. was approximately fifteen years old.

A-1191-24

A.G. did not initially disclose the abuse, citing confusion and concern for her mother's well-being. She eventually confided in her boyfriend and half-sister, and later informed her mother and a teacher, which led to law enforcement's involvement.

A jury convicted defendant on all counts, including multiple counts of aggravated sexual assault and endangering the welfare of a child. At sentencing, the trial court found the aggravating factors substantially outweighed mitigating factors and imposed an aggregate thirty-four-year prison term comprised of consecutive seventeen-year terms, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. The trial court specifically engaged in a detailed analysis of the nature of the service of the sentence under Yarbough.

Defendant appealed. State v. R.F., No. A-5423-11 (App. Div. Sept. 5, 2013) (slip op. at 2). We affirmed the length of the sentence imposed. R.F., slip op. at 17. The Supreme Court denied certification. State v. R.F., 217 N.J. 294 (2014).

Defendant filed a PCR petition and, as part of it, challenged his sentence. The PCR court denied the application, and we affirmed. State v. R.F., No. A-5659-14 (App. Div. Apr. 12, 2017) (slip op. at 2). The Supreme Court denied certification of this matter as well. State v. R.F., 231 N.J. 152 (2017).

Representing himself, defendant then moved to correct what he claimed to be an illegal sentence. After considering the moving papers and opposition and hearing oral argument, the motion judge denied defendant's application, concluding the sentence had already been upheld by this court on direct appeal and could not be relitigated. Additionally, the judge found defendant's claims did not pertain to the illegality of the sentence and the sentencing court had thoroughly considered all relevant factors in deciding whether to impose consecutive or concurrent sentences.

On this appeal, defendant raises the following arguments:

> Point I.
>
> The PCR court erred in failing to correct defendant's illegal consecutive sentence because the sentencing court did not explain the overall fairness of defendant's two consecutive seventeen[-]year sentences.
>
> Point II.
>
> The court must remand for the [trial] court to conduct an overall fairness analysis.

II.

We review the legality of a sentence de novo. State v. Jones, 478 N.J. Super. 532, 541 (App. Div. 2024). "There is no temporal limit on a court's

ability to review an illegal sentence; 'it may be corrected at any time before it is completed.'" Id. at 540 (quoting State v. Murray, 162 N.J. 240, 247 (2000)).

Defendant argues his sentence was illegal because, while the trial court analyzed each offense individually, it failed to separately consider or explain the overall fairness of imposing consecutive sentences. He contends the court was required to provide an explicit statement addressing the fairness of the consecutive sentences as part of a proper sentencing assessment and relies on Torres to substantiate that claim. We are unpersuaded.

First, as noted by our Supreme Court in Torres, "sentencing is a holistic endeavor." 246 N.J. at 272. "A court performing the Yarbough fairness assessment must be mindful that aggravating and mitigating factors and Yarbough factors, . . . in their totality, inform the sentence's fairness. All are relevant to the overall fairness of the aggregate sentence imposed on the . . . defendant . . . ." Ibid. After a review of the sentencing transcript, we are satisfied the overall fairness of the sentence is evident in the diligence and thoroughness with which the trial court conducted its review.

In sentencing defendant, the trial court thoroughly considered the aggravating and mitigating factors presented by both the State and defense counsel, carefully weighing them against each other. Rather than offering a

5

perfunctory justification for the sentence, the court engaged in a detailed and painstakingly substantive analysis of all relevant information submitted for consideration. This comprehensive approach more than satisfies the requirements of both procedural and substantive fairness to which defendant is entitled.

Second, defendant was sentenced in 2012, nine years before Torres was decided. The Supreme Court has held a rule does not apply retroactively if it does not represent a departure from the existing law. See State v. Feal, 194 N.J. 293, 307 (2008) (holding that a decision has retroactive application when the opinion "announced" a new rule of law).

The Court did not announce a new rule in Torres. It instead renewed and reemphasized the long-established requirement that a sentencing court provide "an explanation of the overall fairness of [a] consecutive sentence . . . ." Torres, 246 N.J. at 270. The Court explained its intention "to underscore" and "promote" the "concepts of uniformity, predictability, and proportionality" that underlie the sentencing factors it set forth in Yarbough. Id. at 252-53. Therefore, Torres does not apply retroactively here.

Finally, defendant already challenged his sentence on his direct appeal. We affirmed the length of it and concluded the sentence was "not manifestly

excessive [n]or unduly punitive, does not represent an abuse of the [sentencing] judge's . . . discretion, and does not shock the judicial conscience." R.F., slip op. at 17. Having reached that determination, defendant is barred from any further appeal of his sentence under Rule 3:22-5, which provides "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings."

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division